# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ROSE HILLS, **Plaintiff** | § § § | |
| v. | § § | CIVIL ACTION NO. 6:18-cv-301-ADA |
| SAM'S EAST, INC., SAM'S CLUB, and WAL-MART, INC., formerly known as WAL-MART STORES, INC., **Defendants** | § § § § § | |

### PLAINTIFF ROSE HILL'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW ROSE HILLS, (Plaintiff), complaining of SAM'S EAST, INC., SAM'S CLUB, and WAL-MART, INC., formerly known as WAL-MART STORES, INC., hereinafter referred to as "Defendants", seeking money damages from Defendants for personal injuries arising from a falling incident which occurred on or about October 13, 2016 at Defendants' premises located at 1414 Marlandwood Rd, Temple, Bell County, Texas.  Said incident was proximately caused by the negligence of Defendants, their agents, servants and/or employees.  For cause of action, Plaintiff would show following:

### I.

### PARTIES

2. ROSE HILLS is natural person and citizen of the State of Texas; to wit: as of the date of this action this Plaintiff is domiciled in the state of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely.

3. SAM'S EAST, INC., is a corporation with its principal place of business in Bentonville, Arkansas, and whose designated agent for service of process in the State of Texas is C T

*Plaintiff's First Amended Complaint*
Page 1 of 9

Corporation System. Therefore, by principal place of business Sam's East, Inc. is a citizen of Arkansas.

4. SAM'S CLUB #6336 located at 1414 Marlandwood Road, Temple, Bell County, Texas, is doing business in the State of Texas and was sued under their common or assumed name as per Texas Rule of Civil Procedure, Rule 28, prior to removal by Defendant. Defendant was served with process through their General Manager, Randy Wright, at 1414 Marlandwood Road, Temple, Texas.

5. WAL-MART, INC. formerly known as WAL-MART STORES, INC. (hereinafter "Wal-Mart"), is a corporation with its principal place of business in Bentonville, Arkansas and whose designated agent for service of process in the State of Texas is C T Corporation System. Therefore, by its principal place of business Wal-Mart is a citizen of Arkansas.

## II.

### SUBJECT MATTER JURISDICTION

6. The Court is authorized to consider this action pursuant to the terms of 28 U.S.C. § 1332 (a)(1) (complete diversity of citizenship between all adverse parties) because the amount in controversy in this civil action exceeds $75,000 (excluding interest and costs) and is between citizens of different states. Plaintiff is a citizen of Texas only. Defendants are not citizens of Texas. Defendants are only citizens of Arkansas. Please see more specific facts pleaded as to the citizenship of each party appearing above. Those paragraphs are incorporated herein by reference.

## III.

### PERSONAL JURISDICTION

7. The Court has personal jurisdiction over Plaintiff by virtue of Plaintiff filing this Complaint with the clerk of the Court.

*Plaintiff's First Amended Complaint*
Page 2 of 9

8. Defendants, Sam's East, Inc., Sam's Club, and Wal-Mart, Inc., formerly known as Wal-Mart Stores, Inc., were properly served with process by delivery of a citation via private process server to Defendants' registered agents for service of process within the forum state. Defendants' answered the original suit in the 146th District Court of Bell County, thus submitting to the jurisdiction of that court. In accordance with 28 U.S.C. § 1448, Plaintiff's service of process has been perfected in accordance with the law of the forum state prior to Defendant's removal to federal court, and Plaintiff has no further obligation to serve Defendant.

## IV.

## VENUE

9. Venue is proper in the Western District of Texas, Waco Division pursuant to 28 U.S.C. § 1391 (b)(2) because the Waco Division is the division in which a substantial part of the events or omissions giving rise to the claim occurred; to wit: Plaintiff's accident happened at a Sam's Club located within the Waco Division.

## V.

## FACTUAL BACKGROUND

10. Plaintiff, ROSE HILLS, brings this suit to recover damages for personal injuries she sustained as a result of an incident which occurred on or about October 13, 2016, at Defendant's premises, Sam's Club #6336 located at 1414 Marlandwood Rd., Temple, Bell County, Texas. Said incident was proximately caused by the negligence of Defendants, their agents, servants, and/or employees.

11. On October 13, 2016, Plaintiff was an invitee on Defendants' premises located at 1414 Marlandwood Rd., Temple, Bell County, Texas, having gone to the store to shop and purchase goods. While Plaintiff was walking through the parking lot towards the front entrance, her foot

*Plaintiff's First Amended Complaint*
Page 3 of 9

became caught in an unmarked pothole/depressed area located in the store parking lot pavement. This sudden impact caused Plaintiff to fall and strike the ground. As a result of the fall, Plaintiff sustained severe personal injuries and damages.

12. Defendants failed to place warning signs in the parking lot to alert customers of the pothole/depressed area nor did they use paint or other indications to highlight the pothole/depressed area's existence. Therefore, the unmarked pothole/depressed area was a dangerous condition. Defendants knew or should have known of the unreasonably dangerous condition created by the pothole/depressed area in the parking lot pavement and Defendants neither corrected nor warned Plaintiff of the same. For instance, an employee of Defendants stated that the pothole/depressed area was supposed to be painted, but they had yet to do so.

13. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident without a warning and/or conspicuous indicator of the condition. Accordingly, Defendants owed Plaintiff, an invitee, a duty to warn her of the dangerous condition or make the condition reasonably safe. Defendants' creation of the dangerous condition, failure to correct the condition, and/or failure to warn Plaintiff of the condition breached this duty and constituted negligence. Such negligence was a proximate cause of the occurrence in question and of Plaintiff's resulting injuries and damages.

## VI.

## **RESPONDEAT SUPERIOR**

14. At all times material hereto, all agents, servants, and/or employees of Defendants were acting within the course and scope of employment and/or official duties.

15. The inspection and maintenance of the Sam's Club located at 1414 Marlandwood Rd., Temple, Bell County, Texas, was solely the responsibility of Defendants' agents, servants, and/or

*Plaintiff's First Amended Complaint*
Page 4 of 9

employees. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendants were acting in furtherance of the duties of their office and/or employment.

16. Therefore, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VII.

## CAUSES OF ACTION

### NEGLIGENCE: PREMISES LIABILITY

17. Plaintiff alleges that on the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

    a. Failure to keep their premises reasonably safe for their customers;

    b. Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;

    c. Failure to properly inspect the parking lot to ensure customers, including Plaintiff, could enter and exit the store and parking lot, without the risk of injury;

    d. Failure to give adequate and comprehensible warnings to Plaintiff of the unreasonably dangerous condition;

    e. Failure to give any warning to Plaintiff and other invitees of any and all unreasonably unsafe and dangerous conditions;

    f. Failure to provide reasonable policies and procedures to prevent or reduce the potentially dangerous condition created by the unmarked pothole/depressed area in the parking lot at the time of the incident that made the basis of this cause of action;

g. Failure to repair, correct, or eliminate an unreasonably dangerous condition Defendants knew or should have known about;

h. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning invitees such as Plaintiff of unreasonably dangerous conditions;

i. Failure to adequately train employees in locating, preventing, reducing, eliminating, and warning invitees such as Plaintiff of unreasonably dangerous conditions;

j. Failure to adequately supervise employees to ensure that they are locating, cleaning, preventing, removing, and warning invitees such as Plaintiff of dangerous conditions;

k. Failure to enforce existing policies and procedures to prevent or reduce the dangerous condition created by the unmarked pothole/depressed area in parking lot at the time of the incident that made the basis of this cause of action;

l. Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions; and

m. Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions, and/or the failure to warn invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions at the time of this incident, including but not limited to, the following respects:

   (1) Defendants negligently caused a dangerous condition, namely an unmarked pothole/depressed area, to exist in the parking lot in question;

*Plaintiff's First Amended Complaint*
Page 6 of 9

(2) Defendants negligently permitted a dangerous condition to exist and/or remain in the parking lot in question;

(3) Defendants negligently failed to give any warning of a dangerous condition to invitees such as Plaintiff that Defendants knew or should have known of; and

(4) Defendants negligently failed to exercise that degree of care in the maintenance of the parking lot in question that a person of ordinary prudence would exercise under the same or similar circumstances on the occasion in question.

18. Each and all of the above stated acts and/or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

19. At all times relevant to this lawsuit, Defendants knew, or in the exercise of ordinary and reasonable care should have known, of the dangerous condition in the parking lot and of the foreseeable harm that their negligent acts and/or omissions posed to invitees such as Plaintiff. The negligence described herein should be imputed to Defendants because such negligence occurred as a result of the acts and/or omissions of Defendants, their agents, servants, and/or employees, representatives, and/or officers, and with Defendants' knowledge and/or consent.

## VIII.

## DAMAGES AND PRAYER FOR RELIEF

20. The above paragraphs are incorporated herein by reference as if fully set forth herein verbatim.

21. As a proximate and producing result of the negligent and/or unlawful conduct of Defendants, Plaintiff ROSE HILLS Rose Hills, prays that after a lawful trial that the Court award both special and general money damages to her and against Defendants in the following particulars:

   a. Physical pain and mental anguish in the past;
   b. Physical pain and mental anguish that, in reasonable probability, she will suffer in the future;

c. Physical impairment in the past;

d. Physical impairment that, in reasonable probability, she will suffer in the future;

e. Medical expenses incurred in the past;

f. Medical expenses that, in reasonable probability, she will incur in the future;

g. Lost wages incurred in the past; and

h. Lost earning capacity that, in reasonable probability, she will suffer in the future.

## IX.

## **PRAYER**

22. WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

THE CARLSON LAW FIRM, P.C.
2010 SW HK Dodgen Loop, Suite 201
Temple, Texas 76504
(254) 771-5688
FAX (254) 771-0655

By:  /s/ Julie L. Peschel
Julie L. Peschel
Texas Bar No.: 24052308
jpeschel@carlsonattorneys.com
Joshua L. Crowley
Texas Bar No.: 24091451
jcrowley@carlsonattorneys.com
Attorneys for Plaintiff

*Plaintiff's First Amended Complaint*
Page 8 of 9

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on this 24th day of October, 2018 to all counsel of record.

**Via E-SERVICE: PayneEDocsNotifications@wbclaw.com**
Brett H. Payne
brett.payne@wbclawfirm.com
Nancy Scates
Nancy.Scates@wbclawfirm.com
WALTERS BALIDO & CRAIN
Great Hills Corporate Center
9020 North Capital of Texas Highway
Building H, Suite 225
Austin, Texas 78759
**ATTORNEYS FOR DEFENDANTS,**
**SAM'S EAST, INC., SAM'S CLUB, AND**
**WAL-MART, INC.**

                                                              /s/ Julie L. Peschel
                                                              Julie L. Peschel