IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ROSE HILLS,<br>*Plaintiff,*<br><br>v.<br><br>SAM'S EAST, INC., SAM'S CLUB, AND WAL-MART, INC., FORMERLY KNOWN AS WAL-MART STORES, INC.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:18-CV-00301-ADA-JCM |

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE

Before the Court is Defendants' Motion to Exclude the expert opinions of Hector Miranda-Grajales, MD, CLCP pursuant to Fed. R. Evid. 702. For the reasons discussed herein, the Court is persuaded that Defendants' Motion should be **DENIED**.

### I. BACKGROUND

This case arises out of a fall in the parking lot of Sam's Club in Temple, Texas. The Plaintiff seeks to recover for past and future treatment of personal injuries stemming from this incident. In support of her assertion of damages, Plaintiff designated Hector Miranda-Grajales, MD, CLCP ("Dr. Miranda-Grajales") as an expert witness to prepare a life care plan and to testify about the need for and the costs of future medical treatment. Defendants filed a motion to exclude Dr. Miranda-Grajales's testimony on the grounds that it is irrelevant and unreliable. *See* ECF No. 20. Plaintiff filed a response one week later. ECF No. 21.

### II. LAW & ANALYSIS

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. The United States Supreme Court interpreted Federal Rule of Evidence 702 in *Daubert v. Merrell*

1

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court assigned to district court judges the role of "gatekeeper" for the purpose of determining whether proffered scientific testimony is both reliable and relevant. *Id*. at 597. In determining whether the proffered testimony is reliable, the district judge must assess whether the reasoning or methodology underlying the testimony is scientifically valid. *Id*. at 592–93. In order to ascertain whether the testimony is relevant, the district judge must determine whether the reasoning or methodology can be applied to the specific facts of the case. *Id.*

In determining whether an expert's reasoning or methodology is reliable, the Supreme Court identified several factors for a district judge to consider. *Id*. at 593–94. The factors are: (1) whether the expert's theory can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; and (4) whether the theory or method has been generally accepted by the scientific community. *Id*. The Supreme Court makes clear that these factors do not constitute a "definitive checklist." *Id*. at 593. In *Khumo Tire Co. v. Carmichael*, the Supreme Court declared that any of the *Daubert* factors could be used to determine reliability, but that the test should be flexibly applied. 526 U.S. 137 (1999).

### A. Relevance

The test for relevance is a liberal standard. *See Daubert*, 509 U.S. at 587. Evidence is relevant when it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *See id*.; *See* FED. R. EVID. 401. Dr. Miranda-Grajales's opinions will help the jury understand the future medical treatment of the Plaintiff and his testimony goes directly to Plaintiff's potential damages. The

Court denies each of Defendants' objections as to the relevance of Dr. Miranda-Grajales's testimony.

**B. Reliability**

Here, Defendants do not assert that Dr. Miranda-Grajales is unqualified to testify as an expert witness in this case. Rather, Defendants challenge the testimony of Dr. Miranda-Grajales on the ground that his opinions concerning Plaintiff's future medical treatment are unreliable.

*1. Projections of Future Medical Costs that Fail to Account for Present Value*

Defendants argue that Dr. Miranda-Grajales's opinions are unreliable because his estimates were not reduced to present value, did not consider the variance in health care costs, and failed to account for inflation. ECF No. 20. Specifically, Defendants call the reduction of future costs to present value "an essential piece of analysis" by an expert witness projecting future damages. However, the Defendants cite to no case law support for such a conclusion.

Texas law does not *require* an expert to reduce their future damages estimates to present value. *Mo. P. R. Co. v. Kimbrell*, 334 S.W.2d 283, 286 (Tex. 1960). Though an expert's opinion as to the present value of future damages may be desirable, the jury may consider any matter that is common knowledge in the community. *Id*. Interest rates are presumed to be in the common knowledge of the community, and likewise, the Court cannot conclude that the average juror is unacquainted with the variable costs in health care. *See id*. Because reducing damages to present value based on interest rates, even when no evidence is introduced as to the earning power of money, is presumed to be within the ability of the jury, Dr. Miranda-Grajales's failure to account for the time value of money does not render his opinions unreliable. *See id*. ("While the jury must assess damages to accrue in the future on the basis of their amount if paid now in cash, still no evidence of the earning power of money must be introduced.").

Defendants further argue that Dr. Miranda-Grajales's opinions are unreliable because they (1) fail the *Robinson* factors of testability and a high potential rate of error, and (2) that the failure to account for present value creates an analytical gap. ECF No. 20. Specifically, Defendants argue that Dr. Miranda-Grajales's opinions about future medical costs fail the *Robinson* factors of (1) testability and (2) high potential rate of error because Dr. Miranda-Grajales fails to account for present value, inflation, and the variability of health care costs. ECF 20. Thus, Defendants are not objecting to Dr. Miranda-Grajales's reliability as a life care planner, but to the accuracy of his calculations.

The true cost of future medical treatment is inherently nebulous, as Defendants point out. ECF No. 20. Being unable to predict the upward or downward trends in the costs of specific medications does not render Dr. Miranda-Grajales's testimony about future costs unreliable. This standard would require medical experts to become market clairvoyants. The Court finds that Dr. Miranda-Grajales's dollar-amount calculations go to the weight of his testimony, not his admissibility. Defendants are free to point out inconsistencies generated by failing to take inflation and other factors into account upon cross-examination, but these inconsistencies do not render Dr. Miranda-Grajales's opinions as to future medical treatment inherently unreliable and inadmissible.

Further, Defendants argue that Dr. Miranda-Grajales's failure to reduce his calculations to present value create an analytical gap. ECF No. 20. Defendants object to the result of Dr. Miranda-Grajales's calculations. Factual accuracy is a consideration for the jury to weigh. The Court must exclude testimony based upon reliability, not upon factual disputes. The Court finds that the failure to account for present value does not create an analytical gap.

### 2. Dr. Miranda-Grajales's Reliance on Medical Cost Website

The Defendants contend that Dr. Miranda-Grajales's opinion is unreliable because he does not know the data-gathering processes of the website he used to create the Plaintiff's life care plan. *See* ECF No. 20. Defendants would have this Court exclude Dr. Miranda-Grajales's expert testimony because he "cannot tell the jury what data the website considers . . . in arriving at a particular cost." ECF No. 20.

The Plaintiff presented evidence that Dr. Miranda-Grajales's methodology was in-line with the life care planning standards of practice, including the use of a website like FairHealth.org. Plaintiff also provided evidence of Fairhealth.org's methodology, its data contribution program, and other information about Fairhealth.org. ECF No. 21, Ex. F.

This Court believes this is a credibility issue for the factfinder to weigh. *See e.g.*, *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir.1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."). Therefore, Defendants' objections as to the admissibility of Dr. Miranda-Grajales's testimony on this ground are denied.

**C. Dr. Miranda-Grajales's Opinions on Causation**

The Court disagrees that Dr. Miranda-Grajales's opinions about the causation of Plaintiff's injuries were based on bare facts and legal conclusions. *See* ECF No. 20. Dr. Miranda-Grajales's report does not offer inadmissible legal conclusions. As Plaintiff points out, Dr. Miranda-Grajales made no statements regarding a legal duty of Defendants. ECF No. 21. Further, Dr. Miranda-Grajales based his causation conclusion on scientific methodology as well as his knowledge and expertise as a neurology specialist, practicing physician, and life care

planner. *Id*. Dr. Miranda-Grajales's opinions of Plaintiff's injuries are based on an examination of medical records, a physical examination, the diagnoses of Plaintiff's treating physicians, and the subjective complaints of Plaintiff over time. ECF No. 21, Ex. E. Therefore, his causation opinions are sufficiently tied to the facts of this case to avoid becoming bare legal conclusions.

### III.     CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to Exclude the expert opinions of Dr. Hector Miranda-Grajales (ECF No. 20).

**SIGNED** this 18th day of March 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE